A CERTIFIED TRUE COPY

AUG 1 5 2006

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FILED
AUG 1 5 2006

UNITED STATES DISTRICT COURT
DENVER, COLORADO

FILED
AUG 1 4 2006
CLERK'S OFFICE

RELEASED FOR PUBLICATION

GREGORY C. LANGHAM
CLERK

DOCKET NO. 1788

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

### IN RE QWEST COMMUNICATIONS INTERNATIONAL, INC., SECURITIES & "ERISA" LITIGATION (NO. II)

### BEFORE WM. TERRELL HODGES, CHAIRMAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR.,[*] KATHRYN H. VRATIL, DAVID R. HANSEN AND ANTHONY J. SCIRICA, JUDGES OF THE PANEL

### TRANSFER ORDER

This litigation currently consists of 24 actions pending in the District of Colorado and one action each pending in the Northern District of California, the Southern District of New York and the Eastern District of Pennsylvania as listed on the attached Schedule A.[1] Before the Panel is a motion, pursuant to 28 U.S.C. § 1407, brought by defendants Qwest Communications International, Inc., and Qwest Capital Funding, Inc. (collectively Qwest) for coordinated or consolidated pretrial proceedings of these actions in the District of Colorado. Plaintiffs in the three actions and one related action pending outside the District of Colorado oppose the motion. In the alternative, plaintiff in the Northern District of California action asks the Panel to delay any such transfer until motions to dismiss have been adjudicated in the Northern District of California.[2]

On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that their centralization under Section 1407 in the District of Colorado will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Plaintiffs in all actions make similar allegations against the same or similar defendants, based upon the same alleged financial irregularities in connection with Qwest securities. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery;

---

[*] Judge Miller took no part in the decision of this matter.

[1] The Panel has been notified of a related action in the Southern District of New York. In light of the Panel's disposition of this docket, this action will be treated as a potential tag-along action. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

[2] A similar request by plaintiff in the Southern District of New York action before the Panel was subsequently withdrawn.

- 2 -



prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel and the judiciary.

The plaintiffs opposing the motion before the Panel have argued, inter alia, that Section 1407 transfer should be denied because 1) a partial settlement has been approved in class action proceedings in the District of Colorado that have been pending since 2001; 2) alternatives to 1407 transfer were available to address any common discovery matters and to prevent inconsistent pretrial rulings; and/or 3) transfer would be unduly burdensome or otherwise prejudicial. We are not persuaded by these contentions. In addition to the class action proceedings, other actions in the District of Colorado have been brought by opt-out litigants or other persons not covered under the settlement. Those actions will require common discovery and will still need and benefit from Section 1407 centralization with the present actions pending outside the District of Colorado. Also, while we applaud every cooperative effort undertaken by parties to any litigation, transfer under Section 1407 has the benefit of placing all actions in this docket before a single judge who can structure pretrial proceedings to consider all parties' legitimate discovery needs, while ensuring that common parties and witnesses are not subjected to discovery demands which duplicate activity that has already occurred or is occurring in other actions. As Section 1407 proceedings evolve in the transferee district, these plaintiffs may at some point wish to renew their arguments that the uniqueness of their actions renders continued inclusion of those actions in the MDL-1788 proceedings unnecessary or inadvisable. They then will be free to approach the transferee judge for a suggestion of remand, and whenever the transferee judge deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38.

We are persuaded that the District of Colorado is an appropriate transferee forum for this litigation. By choosing to centralize this litigation in the District of Colorado and to assign it to the judge before whom the class action proceedings have been pending for over four years, we will be placing these actions before a transferee judge 1) who is already familiar with many of the factual issues posed by these actions, and 2) who will have the flexibility to structure any pretrial proceedings in the newly filed MDL-1788 opt-out actions with any pretrial proceedings previously conducted in the District of Colorado, so that any common matters may be addressed efficiently while still ensuring that any matters unique to the class action settlement or the newly filed MDL-1788 actions may proceed on their own separate tracks.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of Colorado are transferred to the District of Colorado and, with the consent of that court, assigned to the Honorable Robert E. Blackburn for coordinated or consolidated pretrial proceedings with the actions pending there and listed on Schedule A.

FOR THE PANEL:

/s/ Wm. Terrell Hodges

Wm. Terrell Hodges
Chairman